

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LORETTA WILKINSON,
         Plaintiff,

-vs-                                            Case No. A-15-CA-249-SS

WELLS FARGO BANK, N.A.; HOME FINANCING UNLIMITED, INC.; MISSION MORTGAGE OF TEXAS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and BUCKLEY MADOLE, P.C.,
         Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Wells Fargo Bank, N.A. (Wells Fargo) and Mortgage Electronic Registration Systems (MERS)'s Motion to Dismiss [#4], to which Plaintiff Loretta Wilkinson has not responded. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and order GRANTING the motion.

### Background

This is a pro se lawsuit filed by Plaintiff Loretta Wilkinson to challenge the foreclosure sale of the property located at 1003 Blackman Court, Hutto, Texas 78634 (the Property). This is not the Court's first encounter with Wilkinson regarding the Property. On July 30, 2013, Wilkinson filed an action against Wells Fargo in the 98th Judicial District Court of Travis County, Texas to challenge the foreclosure sale of the Property, and Wells Fargo removed the case to this Court on April 18, 2014. See *Wilkinson v. Wells Fargo Bank, N.A.*, No. 1:13-CV-332-SS (W.D. Tex. 2014)

(First Lawsuit). On June 13, 2014, the Court granted Wells Fargo's motion to dismiss after Wilkinson failed to respond and gave her twenty days to file an amended complaint. *See* Order of June 13, 2014 [#9], First Lawsuit. Wilkinson did not file an amended complaint, and the Court dismissed the case. *See* Order of July 7, 2014 [#10], First Lawsuit.

In November 2014, Wilkinson filed for Chapter 13 bankruptcy in an effort to keep her home, and on February 9, 2015, Wilkinson appealed the bankruptcy order lifting the automatic stay and allowing Wells Fargo to proceed with foreclosure on the Property. *See In re Wilkinson*, No. 1:15-cv-113-SS (W.D. Tex. 2015) (Bankruptcy Appeal). After Wilkinson failed to file her brief in compliance with the briefing schedule, the Court gave her extra time. *See* Order of Mar. 18, 2015 [#3], Bankruptcy Appeal. Wilkinson still failed to make any filing, and the Court dismissed the appeal for want of prosecution. *See* Order of Mar. 26, 2015 [#4], Bankruptcy Appeal.

On March 6, 2015, Wilkinson filed the instant action in the 277th Judicial District Court of Williamson County, Texas against Defendants Wells Fargo, Home Financing Unlimited, Inc. (Home Financing), Mission Mortgage of Texas, Inc. (Mission Mortgage), MERS, and Buckley Madole, P.C.[1] to once again attempt to delay foreclosure proceedings on the Property. *See* Notice Removal [#1-1] Ex. A (Orig. Pet.).

The case stems from a promissory note executed in the amount of $236,505 (the Note) on or about January 5, 2009, by Wilkinson and her husband, Milton D. Wilkinson (now deceased) to purchase the Property. *See id.* ¶ 11. Wilkinson also executed a deed of trust (the Deed of Trust) securing payment on the Note with the Property. *Id.* ¶ 12; Mot. Dismiss [#4-1] Ex. A (Deed of

---

[1] Wilkinson incorrectly lists "Buckley Adole, P.C." as the defendant.

Trust). Together, the Note and the Deed of Trust comprise the Loan. The original lender was Home Financing d/b/a Mission Mortgage.

The Deed of Trust names MERS as beneficiary and nominee for Mission Mortgage. Deed of Trust at 2. The Deed of Trust expressly provides MERS, as nominee for Mission Mortgage, "has the right: to exercise any of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required by the Lender . . . ." *Id.* at 4. MERS, acting as nominee for Mission Mortgage, assigned the Deed of Trust to Wells Fargo on February 16, 2012. *See* Orig. Pet. ¶¶ 15, 30; Mot. Dismiss [#4-2] Ex. B (Assignment of Deed of Trust).

Wilkinson ultimately defaulted on her payment obligations under the Loan, and the Property was sold at a foreclosure sale. *See* Orig. Pet. ¶ 14 (stating Wilkinson's last loan payment was made in October 2010); Mot. Dismiss [#4-3] Ex. C (Substitute Trustee's Deed).

In her Original Petition, Wilkinson challenges Wells Fargo's standing to foreclose on the basis: (1) Wells Fargo has not produced the original note; (2) MERS was not authorized to assign the promissory note and deed of trust to Wells Fargo; and (3) Wilkinson was entitled to a loan modification. She asserts a variety of causes of action, and seeks injunctive relief, damages, and attorney's fees. *See* Orig. Pet. ¶¶ 25–65.

On March 31, 2015, Defendants Wells Fargo and MERS removed the case to this Court. *See* Notice Removal [#1]. On April 2, 2015, Defendants Wells Fargo and MERS moved to dismiss Wilkinson's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Mot. Dismiss [#4].

## Analysis

As an initial matter, the Court establishes it has jurisdiction in the case. Defendants Wells Fargo and MERS removed the case on the basis of complete diversity between Plaintiff and all

properly joined defendants. *See* Notice Removal [#1] ¶ 9. Defendants Home Financing, Mission Mortgage, and Buckley Madole are all apparently citizens of Texas (as is Wilkinson), but the Court disregards these defendants' citizenship for purposes of determining diversity jurisdiction for two reasons. First, according to the state court record attached to the Notice of Removal and the Court's docket sheet since removal, Defendants Home Financing, Mission Mortgage, and Buckley Madole have not been served. They have not made an appearance nor have they submitted any filings. Wells Fargo and MERS appear to be the only Defendants (and perhaps the only parties) actually litigating this case. Second, the Court finds Home Financing, Mission Mortgage, and Buckley Madole were each improperly joined in this lawsuit. A removing party may establish improper joinder by showing that the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law. *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). As Defendants Wells Fargo and MERS effectively argue in their Notice of Removal, Wilkinson has not alleged facts that would give rise to a viable claim against Home Financing, Mission Mortgage, or Buckley Madole. Notice Removal [#1] ¶¶ 13–20. Therefore, these defendants were improperly joined, complete diversity exists, and the Court has jurisdiction.

## I.     Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained

within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

First, the Court notes Wilkinson has failed to respond to the motion to dismiss, and therefore the Court grants the motion as unopposed. *See* Local Rule CV-7(e)(2). Nevertheless, the Court briefly addresses the merits of the motion. After reviewing Wilkinson's legal arguments, they are simply not supported by the case law. Her claims are based on rejected legal theories, and as a result, she fails to state claims upon which relief can be granted.

A.  **Wilkinson's Argument Concerning the Note**

Wilkinson's core argument is Wells Fargo lacked the authority to foreclose because the Note was not properly assigned. *See* Orig. Pet. ¶ 25 ("Only a 'holder in due course' has any authority, express or implied to make an effective assignment of a Note."). Wilkinson contends "Wells Fargo should be required to produce the original [Note]." *Id.* ¶ 46.

To the extent Wilkinson's arguments concern who was the holder of the Note and who can enforce the Note, these assertions miss the mark. Wells Fargo carried out non-judicial foreclosure proceedings under the Deed of Trust, and the Deed of Trust is the relevant instrument in this case, not the Note. The parties' relationship to the Deed of Trust is the relevant inquiry when determining the authority to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–56 (5th Cir. 2013). "[F]oreclosure statutes simply do not require possession or production of the original note" in order to non-judicially foreclose pursuant to a deed of trust." *Id.* at 253.

In addition, Wilkinson's contention the holder of the note is the only individual with standing to foreclose flies in the face of the Texas statutes governing foreclosure under a deed of trust. Texas law allows a mortgage servicer to administer the foreclosure of property on behalf of a mortgagee—a term which is, with one exception, defined solely in terms of ownership of, or a beneficial interest in, a deed of trust. *See* TEX. PROP. CODE §§ 51.0001(4), 51.0025. The single exception is "a book entry system," such as MERS, which is also a mortgagee under Texas law. *See id.* § 51.0001(4)(B). However, even this is not truly an exception, as "book entry system" is itself defined as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and

assigns." *Id.* § 51.0001(1). Notably absent in these repeated references to security instruments is any mention of an associated promissory note.

Wilkinson's arguments focusing on the holder of the note are misplaced, and they do not undermine Wells Fargo's ability to carry out a foreclosure under the Deed of Trust.

**B.      Wilkinson's Argument Concerning Assignment of the Deed of Trust**

Wilkinson's second core argument, which overlaps with the first, concerns MERS's alleged lack of authority to assign the Deed of Trust. According to Wilkinson, since MERS had no contractual authority under the Deed of Trust to assign the Deed of Trust to Wells Fargo, any actions taken by Wells Fargo under the Deed of Trust, i.e., the foreclosure, are void.

Wilkinson is incorrect. The Fifth Circuit and Texas state courts have confirmed MERS can assign the Deed of Trust and MERS's assignee can nonjudicially foreclose. *See, e.g., Rojas v. Wells Fargo Bank, N.A.*, No. 13-50884, 2014 WL 2547770, at *3 (5th Cir. June 6, 2014) ("We have repeatedly rejected similar attempts to challenge an assignee's standing to foreclose under an assignment from MERS."); *Bierworth v. BAC Home Loans Servicing, L.P.*, No. 03-11-006444-CV, 2012 WL 3793190, at *5 (Tex. App.—Austin Aug. 30, 2012, no pet.) ("When MERS executed the assignment to BAC, BAC obtained all of MERS's rights and interests in the deed of trust (originating from the Lender, Countrywide), including the 'right to foreclose and sell the Property.'"). Here, MERS, as nominee for Mission Mortgage, assigned the Deed of Trust to Wells Fargo, and Wells Fargo foreclosed pursuant to the Deed of Trust. The Deed of Trust grants MERS the authority to execute such an assignment. Therefore, Wilkinson's arguments regarding MERS's supposed lack of authority to assign the Deed of Trust are unfounded.

## C. Wilkinson's Argument Concerning Loan Modification

Third, Wilkinson states that although she "provided all documentation requested [by Wells Fargo], no modification or any other type of forbearance was ever granted . . . ." Orig. Pet. ¶ 18. Wilkinson indicates her belief she should have received a loan modification through the Home Affordable Modification Program (HAMP) or otherwise. *Id.* ¶¶ 33–35. Wilkinson, however, cannot point to any provision of the Loan entitling her to a loan modification, and district courts consistently do not recognize a right to a loan modification. *See, e.g., Wright v. Wells Fargo Bank, N.A.*, No. A-12-CV-753 LY, 2013 WL 7212006, at *11 (W.D. Tex. Sept. 27, 2013); *Calvino v. Conseco Fin. Servicing Corp.*, No. A-12-CA-577-SS, 2013 WL 4677742, at *7 (W.D. Tex. Aug. 30, 2013) (citing *Cade v. BAC Home Loans Servicing*, No. H-10-4224, 2011 WL 2470733, at *2 & n.2 (S.D. Tex. June 20, 2011) (collecting authorities)); *Hassell v. Bank of Am., N.A.*, No. H-12-1530, 2013 WL 211154, at *3 (S.D. Tex. Jan. 18, 2013); *Nolasco v. CitiMortgage, Inc.*, No. H-12-1875, 2012 WL 3648414, at *4 (S.D. Tex. Aug. 23, 2012). As such, Wilkinson's claims concerning whether she should have received a loan modification cannot support a cause of action.

## Conclusion

In sum, Wilkinson's legal claims are not supported by case law. Consequently, because those legal arguments underpin her causes of action, those causes of action fail, and the Court must GRANT the motion to dismiss. Additionally, because this is Wilkinson's third lawsuit regarding the Property filed with this Court and because she has failed to prosecute all three of the cases, the Court dismisses her case WITH PREJUDICE.

Accordingly,

IT IS ORDERED that Defendants Wells Fargo Bank, N.A. and Mortgage Electronic Registration Systems' Motion to Dismiss [#5] is GRANTED; and

IT IS FINALLY ORDERED that Plaintiff Loretta Wilkinson's claims against Defendants Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems; Home Financing Unlimited, Inc.; Mission Mortgage of Texas, Inc.; and Buckley Madole, P.C. are DISMISSED WITH PREJUDICE.

SIGNED this the 11th day of May 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE